NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10046 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-01265-DLR-1 |
| v. | |
| ELSEDDIG ELMARIOUD MUSA, dba Arizona One Medical Transportation, LLC., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted December 17, 2019**
Phoenix, Arizona

Before: GRABER, HURWITZ, and MILLER, Circuit Judges.

Elseddig Musa was convicted of 35 counts of healthcare fraud (18 U.S.C.
§ 1347) and four counts of aggravated identity theft (18 U.S.C. § 1028A). The
district court found him responsible for approximately $1.2 million of loss to the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arizona Health Care Cost Containment System ("AHCCCS").

The district court premised its original loss calculation on "unmatched claims"—claims for reimbursement for transportation for which there was no corresponding medical billing to AHCCCS. *See United States v. Musa*, 742 F. App'x 265, 267 (9th Cir. 2018). In a previous appeal, we vacated Musa's sentence and remanded, reasoning that "the record does not adequately demonstrate that relying entirely on the amount of 'unmatched claims' was a sufficiently reliable method of estimating loss" because the record showed that unmatched claims "are not always fraudulent." *Id.* We ordered "the district court to determine whether review of [Musa's] trip reports and daily schedules is a more accurate method of calculating loss; if the court concludes that it is not, it may again base the loss calculation on the value of unmatched claims." *Id.*

On remand, the district court conducted an evidentiary hearing and concluded that calculating loss using unmatched claims was the most accurate method. The district court therefore reimposed the original sentence. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm.

1.      The district court did not clearly err in finding that the value of unmatched claims was the most reliable method to estimate the loss attributable to Musa's crimes. *See* U.S.S.G. § 2B1.1 cmt. n.3(C); *United States v. Walter-Eze*, 869 F.3d 891, 913 (9th Cir. 2017), *cert. denied,* 139 S. Ct. 1196 (2019). Testimony at

the sentencing hearing supported the district court's conclusion that potentially legitimate unmatched claims made up a small number of the total unmatched claims.

2.      The district court also did not clearly err in finding that calculating loss using Musa's schedules and trip reports was a less reliable estimation of loss. The government's expert testified that those records were both incomplete and inconsistent. Moreover, even if loss were calculated in this way, the government's expert testified that it would have resulted in a loss of more than $1 million, which would have resulted in the same guidelines sentence that use of unmatched claims to calculate loss produced. *See United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010).

**AFFIRMED.**